33 So.2d 29

## LEE v. STATE.

### 4 Div. 20.

Court of Appeals of Alabama.
Dec. 16, 1947.

A. L. Patterson, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The defendant below was indicted for murder in the first degree. In his trial he sought to justify his acts by evidence attempting to show self-defense, and he also filed a plea of not guilty by reason of insanity, and introduced evidence in an attempt to support this special plea. That his defenses failed to satisfy the jury is clear from their verdict of guilty of manslaughter in the first degree. From the evidence presented we can charge no arbitrariness to the jury in its action.

The evidence presented by the State shows that prior to this killing there had been considerable brawling in an establishment in Phenix City known as the Atomic Club, which continued out onto the sidewalk adjacent to the Club. On the sidewalk a soldier and a companion of the defendant had engaged in a fight, and the solider knocked the companion down and was on top of him giving him what one witness described as "a good stomping." The defendant attempted to get the soldier off his companion, and being unsuccessful went up the street a short distance where he obtained a pistol from some woman who was standing on the sidewalk. The defendant then returned to the scene of the brawl. As he neared the place the deceased, Floyd Booth, approached the defendant, and was warned by him not to come closer. The deceased continued onto the defendant however, and there is some evidence that he grabbed for the gun. At any rate, Booth was shot through the neck and killed. The clear inference from the evidence is that Booth, the deceased, had not participated in the brawling in any manner prior to his apparent effort to disarm the defendant, and that he, Booth, was not armed at the time he was killed.

The evidence tending to establish the insanity of the defendant was to the effect that his grandfather had died in an asylum; that while in the naval service during the last war, all of which was apparently spent in this country, the defendant had suffered a loss of memory for several days and was hospitalized therefor, and that since his discharge from the Navy he has been rated 100% disabled because of a nervous disability; that since his naval service the defendant has been nervous and restless, and could not stand darkness, keeping lights on at all times, even in the room in which he slept. Several lay witnesses gave testimony that in their opinion the defendant was insane.

We think it too clear to require citation that purely a jury question was presented as to both defenses.

Consonant with our duty in criminal cases we have carefully examined this record. Necessity for the court's ruling arose only infrequently in the trial. In all instances it was in our opinion patently correct, involved only well-settled principles of law, and calls for no discussion on our part.

The refused charges requested by the defendant likewise were properly refused, being in our opinion incorrect statements of the law involved, or covered by the adequate oral charge given the jury.

Affirmed.